## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

HELENA AGRI-ENTERPRISES, LLC,
a Delaware limited liability company,

Case No. _____

       Plaintiff

vs.

Honorable _____

GREAT LAKES GRAIN, LLC; BOERSEN
FARMS AG, LLC, a Michigan limited liability
company, BOERSEN FARMS, INC. a
Michigan corporation, BOERSEN AG
PARTNERS, LLC, a Michigan limited liability
company, DENNIS BOERSEN,  ARLAN
BOERSEN, SANDRA BOERSEN,

**COMPLAINT**

       Defendants

---

Sheryl L. Toby (P39114)
Mark J. Magyar (P75090)
Dykema Gossett PLLC
Attorneys for Plaintiff
300 Ottawa Ave. N.W. Suite 700
Grand Rapids, Michigan  49503
stoby@dykema.com
mmagyar@dykema.com
616-776-7500

---

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•300 OTTAWA AVENUE N.W. SUITE 700•GRAND RAPIDS, MICHIGAN 49503

      Plaintiff, Helena Agri-Enterprises, LLC f/k/a Helena Chemical Company, by and through

its attorneys, Dykema Gossett, PLLC states its Complaint against Defendants as follows.

## PARTIES

      1.      Plaintiff, Helena Agri-Enterprises, LLC is a Delaware limited liability

company.  Helena Agri-Enterprises, LLC's sole member is Marubeni America Corporation, a

New York corporation.  Marubeni America Corporation's principal place of business is in New York.

2.	Defendant Great Lakes Grain, LLC is a Michigan limited liability company, with its principal place of business located at 6241 Ransom Street, Zeeland, MI 49464 and the members of Great Lakes Grain, LLC are Sandra Boersen, and Arlan Boersen, all citizens of the State of Michigan and domiciled in Michigan.

3.	Defendant Boersen Farms AG, LLC is a Michigan limited liability company, with its principal place of business located at 6241 Ransom Street, Zeeland, MI 49464. The members of Boersen Farms AG, LLC are Dennis Boersen, Ross Boersen, Sandra Boersen, and Arlan Boersen, all citizens of the State of Michigan and domiciled in Michigan.

4.	Defendant Boersen Farms, Inc. is a Michigan corporation, with its principal place of business located at 6241 Ransom Street, Zeeland, MI 49464.

5.	Defendant Boersen AG Partners, LLC is a Michigan limited liability company, with its principal place of business located at 6241 Ransom Street, Zeeland, MI 49464. The sole member of Boersen AG Partners, LLC is Dennis Boersen, a citizen of the State of Michigan and domiciled in Michigan.

6.	Defendant Dennis Boersen is an individual and citizen of the State of Michigan, domiciled in Michigan, with an address of 4878 72nd Avenue, Zeeland, MI 49464.

7.	Defendant Arlan Boersen is an individual and citizen of the State of Michigan, domiciled in Michigan, with an address of 6241 Ransom Street, Zeeland, MI 49464.

8.	Defendant Sandra Boersen is an individual and citizen of the State of Michigan, domiciled in Michigan, with an address of 3741 Lakeshore Drive, Shelbyville, MI 49344.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•300 OTTAWA AVENUE N.W., SUITE 700•GRAND RAPIDS, MICHIGAN 49503

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•300 OTTAWA AVENUE N.W., SUITE 700•GRAND RAPIDS, MICHIGAN 49503

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction under 28 USC § 1332 because there is complete diversity of citizenship between Helena and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     Venue is proper in this district under 28 USC § 1391(b)(1) and (b)(2).

## ALLEGATIONS

### Background

11.     Plaintiff, Helena Agri-Enterprises, LLC f/k/a Helena Chemical Company ("**Helena**" or "**Plaintiff**") is an agricultural and specialty formulator and distributor providing products and services to the agricultural community such as, by way of example fertilizer and fertilizer application services, nutrients, seed and seed treatments, financial services, and other products and services.

12.     Defendants are engaged in the business of farming, principally growing corn and soybean crops primarily in Western Michigan, operating, before its recent downward spiral, approximately 82,000 acres of land for corn and soybean crops. (the "**Boersen Farming Operation**").

13.     The Boersen Farming Operation was one of the largest farming operations in Midwest.  It over-expanded and started entering into transactions it could not support, leading to one of its former major creditors, CHS Capital, LLC ("**CHS**"), filing suit in this Court for the appointment of a receiver.  *See LT Capital, LLC v. Boersen Farms AG, LLC, et al,* 1:17-cv-00769-RJJ-RSK.  To try to survive, the Boersen Farming Operation created a means to downsize and transfer its farming operations to a smaller entity, all the while picking and choosing which creditors to pay as a means for the Boersen family to retain ownership of the downsized entity and avoid paying certain creditors like Helena.

14.     Hence, the Boersen Farming Operation was far from a small family farm operation but rather a sophisticated business operation and one of the largest farming operations in the Midwest for a time.  Indeed, as of September 2017, the Defendants, along with other related entities, owed farming operations provider and lender, CHS, in excess of $145 million dollars.

15.     Because of the cyclical nature of the farming industry, it is not unusual for there to be significant delays between the extension of credit or provision of financing to a farming borrower and payment.  The farming operation obviously depends on being able to obtain the farming inputs, plant the crops, sow and sell the crops and make payments.  Consequently, the entities providing goods or services in the farming industry rely heavily on the farmers' representations and predictions regarding the crops available to pay the obligations that created the crops.

16.     Helena sold product to the Boersen Farming Operation on either a credit account arrangement or through a finance arrangement.  The finance arrangements provide a means of longer term financing, whereas purchases through credit account arrangements contemplate either immediate cash sales or on short terms such as 30 day payment terms.

17.     An affidavit supporting the credit and loan balance obligations owed to Helena as further describe is attached as **Exhibit A** and incorporated herein  (the "**Affidavit**").

### The Credit Debt

18.     With respect to the credit account arrangement, the applicable Boersen Farming Operation corporate entity would execute a Credit Sales and Services Agreement ("**Credit Agreements**").  Copies of the Credit Agreements for Boersen Farms, Inc., Boersen Farms AG, LLC, and Boersen AG Partners, LLC (collectively the "**Corporate Entities**") are

attached to the Affidavit as collective **Exhibit 1**. Each of the Credit Agreements requires the applicable entity to pay the amount owed as set forth on the invoiced amount within 30 days and provides a finance charge rate if the account is not paid when due. Each of the Credit Agreements provides that if amounts are determined to be in default, the purchaser shall be responsible for the payment of all costs of collection incurred by Helena, including expenses and attorney's fees.

19.     Pursuant to a Credit Agreement, as of October 16, 2017, Boersen Farms, Inc. owed Helena $6,932,791.48 in principal plus $89,583.30 in finance charges for a total of $7,022,374.78 (The "**Inc. Credit Account Balance**").

20.     A Demand Letter dated October 23, 2017 (the "**Demand Letter**") was sent to Boersen Farms, Inc. stating the Inc. Credit Account Balance which Boersen Farms, Inc. did not dispute. A copy of the Demand Letter is attached to the Affidavit as **Exhibit 2**.

21.     Boersen Farms, Inc. has been purchasing inputs on credit from Helena for years. Boersen Farms, Inc. would regularly receive a monthly statement for its outstanding credit account balances. Attached as collective **Exhibit 3** to the Affidavit is a copy of a credit balance statement, sent to Boersen Farms, Inc. in the same manner as previous statements were sent, identifying the amount of $7,022.374.78 owed. Boersen Farms, Inc. has not objected to the credit balance statement.

22.     Boersen Farms, Inc. is in breach if its Credit Agreement and as of October 16, 2017 the amount of $7,022,374.78 plus all other accrued and continuing to accrue interest, charges, costs and fees as provided by the applicable Credit Agreement is due and owing to Helena.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•300 OTTAWA AVENUE N.W., SUITE 700•GRAND RAPIDS, MICHIGAN 49503

23.     Pursuant to a Credit Agreement, as of October 16, 2017, Boersen Farms AG, LLC owed Helena $193,404.87 in principal plus $47,768.04 in finance charges for a total of $241,172.91 (The "**AG Credit Account Balance**").

24.     The Demand Letter was sent on October 23, 2017 to Boersen Farms AG, LLC, stating the AG Credit Account Balance which Boersen Farms AG has not disputed.

25.     Attached as collective **Exhibit 3** to the Affidavit is a copy of a credit balance statement sent to Boersen Farms AG, LLC, in the same manner as previous statements were sent, stating the AG Credit Account Balance which Boersen Farms AG, LLC has not disputed.

26.     Hence, collectively, as of  October 16, 2017, Helena is owed $7,263,547.69 with respect to amounts due on credit  (the "**October 16, 2017, Credit Debt Balance**").

27.     In addition to the October 16, 2017 Credit Debt Balance, Helena is owed additional charges, allowable fees and costs, that have accrued and continue to accrue pursuant to the terms of the Credit Agreements (the "**Credit Debt**").

**Finance Loans and Loan Balances**

28.     In addition to the Credit Debt Balance obligations, the Corporate Entities also are obligated to Helena under financed arrangements.  Pursuant to these arrangements, the Corporate Entities would purchase inputs initially pursuant to a Credit Agreement. The Corporate Entity would also execute a Loan Agreement (a "**Loan Agreement**") with Helena. Assuming the applicable Boersen Entity had availability under the Loan Agreement, Helena would advance funds to the applicable Corporate Entity which would be used to pay off the credit balance.

29.     Attached to the Affidavit as collective **Exhibit 4** are the Loan Agreements for each of the Corporate Entities.  Each of the Loan Agreements provide for payment of costs and attorney's fees in connection with collection efforts on the Loan Agreements.

30.     The Boersen Farms, Inc. Loan Agreement (the "**Inc. Loan Agreement**") in favor of Helena is in the principal sum of $4,750,000, with interest.  All principal and interest owed on the Inc. Loan Agreement was due on March 10, 2017.  Pursuant to the Demand Letter, Helena made demand upon Boersen Farms, Inc. demanding payment for the balance of $5,055,683.65 owed as of October 16, 2017.  Boersen Farms Inc. has not objected to the Demand Letter.

31.     Boersen Farms, Inc. is indebted to Helena under the Inc. Loan Agreement in the amount of $5,055,683.65 as of October 16, 2017 plus the additional accrued and continuing to accrue interest, costs and attorney fees and any other recoverable items pursuant to the terms of the Inc. Loan Agreement (the "**Boersen Farms, Inc. Loan Balance**").

32.     Boersen Farms, Inc. has been receiving loans from Helena to finance input purchases for years and as reflected in the Helena Finance Loan History attached as **Exhibit 5** to the Affidavit, fully paid the loans without objection until the most recent loan.

33.     Consistent with the past history, Helena made loans to Boersen Farms, Inc. in 2016 for the 2017 crop year.  It is the 2016 loans that remains outstanding and constitutes the Boersen Farms, Inc. Loan Balance.

34.     The Boersen Farms, Inc. Loan Balance in the amount of $5,066,766.98 as of October 31, 2017, excluding costs and attorney fees is accurately reflected in the Helena Finance Loan History for Boersen Farms Inc. attached to the Affidavit as **Exhibit 5**.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•300 OTTAWA AVENUE N.W., SUITE 700•GRAND RAPIDS, MICHIGAN 49503

35.     Boersen Farms, Inc. regularly received a monthly statement for the Boersen Farms, Inc. Loans.  Attached as collective **Exhibit 6** to the Affidavit is a copy of a loan balance statement sent to Boersen Farms, Inc. in the same manner as previous statements were sent identifying the amount $5,066,766.98 as of October 31, 2017.  Boersen Farms, Inc. has not objected to the loan balance statement.

36.     The Boersen Farms AG, LLC, Loan Agreement in favor of Helena is in the principal sum of $1,000,000, with interest (the "**AG Loan Agreement**").  All principal and interest owed on the AG Loan Agreement was due on March 10, 2017.

37.     Despite demand by Helena, pursuant to the Demand Letter, Boersen Farms AG, LLC has failed to pay the AG Loan Agreement obligations in full and as of October 16, 2017, a balance of $1,068,457.11 was owed.

38.     Boersen Farms AG, LLC is indebted to Helena under the AG Loan Agreement in the amount of $1,068,457.11 plus additional accrued and continuing to accrue interest and costs and attorney fees (the "**Boersen Farms, AG, LLC Loan Balance**").

39.     Boersen Farms AG, LLC regularly received a monthly statement for the Boersen Farms, AG, LLC Loans.  Attached as collective **Exhibit 6** to the Affidavit is a copy of a loan balance statement sent to Boersen Farms, AG, LLC in the same manner as previous statements were sent identifying the amount of $1,070,790.44 as of October 31, 2017 owed. Boersen Farms, AG, LLC. has not objected to the loan balance statement.

40.     The Boersen AG Partners, LLC Loan Agreement in favor of Helena is in the principal sum of $235,235.89, with interest (the "**Partners Loan Agreement**").  All principal and interest owed on the Partners Loan Agreement was due on March 10, 2017.  Despite demand by Helena, pursuant to the Demand Letter, Boersen AG Partners, LLC has failed to pay the

Partners Loan Agreement obligations in full and as of October 16, 2017, a balance of $259,007.54 was owed.

41.     Boersen AG Partners, LLC is indebted to Helena under the Partners Loan Agreement in the amount of $259,007.54 plus the continuing to accrue interest and costs and attorney fees (the "**Boersen Farms, AG Partners, LLC Loan Balance**").

42.     Boersen Farms AG Partners, LLC regularly received a monthly statement for the Boersen Farms AG Partners, LLC. Loans.  Attached as collective **Exhibit 6** to the Affidavit is a copy of a loan balance statement sent to Boersen Farms, AG Partners, LLC in the same manner as previous statements were sent identifying the amount of $259,870.06 as of October 31, 2017 owed.  Boersen Farms, AG Partners, LLC. has not objected to the loan balance statement.

43.     Hence, collectively, as of October 16, 2017 the amount owed to Helena under the Loan Agreements is $6,383,148.30 (the "**October 16, 2017, Finance Debt Balance**").  The October 16, 2017 Finance Debt Balance together with all continuing to accrue interest, costs fees and other obligations owed under the Loan Agreements shall be referred to collectively as the "**Finance Debt**").  Combined, the Finance Debt and the Credit Debt totaled  $13,646,695.99 as of October 16, 2017 (the "**October 16, 2017, Combined Credit and Finance Debt Balance**") and such amounts together with continuing finance charges, interest, costs and attorney fees shall be referred to collectively as the "**Boersen Obligations**".

**The Guaranties**

44.     Each of the Defendants executed guaranty agreements in which such Defendants absolutely, continually and unconditionally guaranteed payment of all the Boersen

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•300 OTTAWA AVENUE N.W., SUITE 700•GRAND RAPIDS, MICHIGAN 49503

Obligations. A copy of the Guaranty Agreements guaranteeing the obligations of all of the Boersen Obligations are attached to the Affidavit as collective **Exhibit 7**.

45. Each guaranty provides that to induce Helena to sell and/or deliver merchandise to the Corporate Entities and to extend credit and other financial accommodations to the Corporate Entities, the applicable guarantor Defendants unconditionally and absolutely guaranteed the prompt payment and performance of all Boersen Obligations.

46. Consequently, as of October 16, 2017, each of the Defendants as obligor or guarantor, jointly and severally, owe Helena in excess of $13,000,000, including continuing to accrue finance charges, interest, attorney's fees and costs.

**Boersen Operations' Demise and Great Lakes Grain, LLC As Successor to Boersen Operations.**

47. Upon information and belief, Great Lakes Grain, LLC was recently formed, is owned by Sandra Boersen and Arlan Boersen for the benefit of themselves and Dennis Boersen (collectively the "**Boersens**"), and was created and designed to provide a means for the Boersens to retain ownership in the downsized Boersen Farming Operation without having to pay all the debts incurred by the Boersen Operations and to prefer some creditors over others.

48. In 2017, the Boersen Operation began a downward spiral resulting in numerous lawsuits being filed against it in numerous jurisdictions.

49. For example, on August 23, 2017, CHS brought a lawsuit United States District Court for the Western District of Michigan Southern Division Case 1:17-cv-00769-RJJ-RSK (the "CHS Lawsuit") for claim and delivery, appointment of a receiver and money judgement. CHS filed its verified first amended complaint on September 7, 2017, (the "**VC**"), with respect to the approximate $145,327,000 owed to CHS.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•300 OTTAWA AVENUE N.W., SUITE 700•GRAND RAPIDS, MICHIGAN 49503

50.      Among other allegations, CHS alleged that defendants fraudulently and intentionally misrepresented to CHS certain facts including the quantity of harvested 2016 grain available for sale and diverted its collateral to other entities. (VC ¶¶ 42, 45-55)

51.      LT Capital, LLC replaced CHS as lender and plaintiff in the lawsuit.  (CHS Lawsuit, RE 90.)  Upon information and belief, the CHS Obligations were purchased by LT Capital at a deep discount.

52.      Another creditor, TFG-Michigan, L.P. obtained final judgment against a number of the Boersen individuals and entities and began aggressively seeking recovery through notices of judgement liens and garnishments.

53.      In December 2017, soon after Helena's Demand Letter dated October 23, 2017, the Boersens caused the organizational documents to be filed for Great Lakes Grain, LLC with the Michigan Department of Licensing and Regulatory Affairs .

54.      Upon information and belief, Sandra Boersen, and Arlan Boersen are the members of Great Lakes Grain, LLC, and own the interests in Great Lakes Grain, LLC for themselves and the benefit of Dennis Boersen.

55.      Historically, Dennis Boersen was the main contact person for Helena.

56.      As spring 2018 approached, being desperate to find a means to obtain inputs for farming operations, Dennis Boersen approached Helena requesting its support in a plan to continue the Boersen Farming Operations on a reduced scale through a new entity which turned out to be Great Lakes Grain, LLC.  Helena declined the request to do business with the Boersens through this subterfuge.

57.  Upon information and belief, certain creditors of Boersen Farming Operations are being paid by Great Lakes Grain, LLC while other creditors of Boersen Farming Operations are not.

58.  As of the date of this Complaint, the Boersen Farms Inc. and other Boersen entities' website is active, as is their LinkedIn page, and employees are identified as working for the Boersen Farms entities.  There is no active webpage, Facebook or employees identified on LinkedIn as working for a "Great Lakes Grain, LLC."  *See* collective **Exhibit B**.

59.  Upon information and belief, Great Lakes Grain, LLC is owned by certain of the Boersens for themselves and benefit of others thereby retaining the continuity of ownership and utilizing some of the same physical locations and continuing general business operations of the Boersen Farming Operations on a reduced scale and in avoidance of the Boersen Obligations.

## COUNT I

## SUCCESSOR LIABILITY – GREAT LAKES GRAIN, LLC

60.  Helena restates and incorporates by this reference the allegations set forth in Paragraphs 1 through 59 above.

61.  Upon information and belief, Great Lakes Grain, LLC is owned by Sandra Boersen and Arlan Boersen for themselves and for the benefit of Dennis Boersen thereby retaining the continuity of ownership of the Boersen Farming Operations through Great Lakes Grain, LLC which is utilizing the same physical location on a reduced scale and assets that were previously owned, leased or used to conduct the Boersen Farming Operations.

62.  Great Lakes Grain, LLC was developed to continue Boersen Operations for the benefit of the Boersens and certain of its creditors to the detriment of Helena.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•300 OTTAWA AVENUE N.W., SUITE 700•GRAND RAPIDS, MICHIGAN  49503

63. Great Lakes Grain LLC assumed portions of the liability of the Boersen Operations to benefit the Boersens and as such expressly or impliedly assumed the liability of the Boersen Obligations owed to Helena.

64. The creation of Great Lakes amounts to a consolidation or merger of the Boersen Operations, and, thus Great Lakes Grain, LLC is the successor to the Boersen Farming Operations and is fully liable for the Boersen Obligations.

WHEREFORE, Helena requests that this Court enter a money judgment in its favor and against Great Lakes Grain, LLC, as successor, for the full amount owed on the Boersen Obligations, together with attorney fees and such other contractual or statutory interest, fees, or costs that may be recoverable, and such other just and equitable relief as determined by this Court.

## <u>COUNT II</u>

## <u>BREACH OF BOERSEN FARMS INC. CREDIT AGREEMENT</u>

65. Helena restates and incorporates by this reference the allegations set forth in Paragraphs 1 through 64 above

66. Boersen Farms Inc. is in breach of the Credit Agreement by defaulting and refusal to pay despite lawful demand.

67. Helena is entitled to immediate payment in full from Boersen Farms Inc. in the amount of $7,022,374.78 as of October 16, 2017 plus all other accrued interest, charges, costs and fees as provided by the Credit Agreement.

WHEREFORE, Helena requests that this Court enter a money judgment in its favor and against Defendant Boersen Farms Inc. in the amount of $7,022,374.78 as of October 16, 2017 together with such other contractual or statutory interest, fees, or costs that may be recoverable, and such other just and equitable relief as determined by this Court.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•300 OTTAWA AVENUE N.W., SUITE 700•GRAND RAPIDS, MICHIGAN 49503

## COUNT III

### BREACH OF BOERSEN FARMS AG, LLC. CREDIT AGREEMENT

68.     Helena restates and incorporates by this reference the allegations set forth in Paragraphs 1 through 67 above

69.     Boersen Farms AG, LLC is in breach of the Credit Agreement by defaulting and refusal to pay despite lawful demand.

70.     Helena is entitled to immediate payment in full from Boersen Farms AG, LLC in the amount of $241,172.91 as of October 16, 2017 plus all other accrued interest, charges, costs and fees as provided by the Credit Agreement.

WHEREFORE, Helena requests that this Court enter a money judgment in its favor and against Defendant Boersen Farms AG, LLC in the amount of $241,172.91 as of October 16, 2017 together with such other contractual or statutory interest, fees, or costs that may be recoverable, and such other just and equitable relief as determined by this Court.

## COUNT IV

### BREACH OF BOERSEN FARMS INC. LOAN AGREEMENT

71.     Helena restates and incorporates by this reference the allegations set forth in Paragraphs 1 through 70 above.

72.     Defendant Boersen Farms Inc. breached the valid Loan Agreement with Helena by defaulting and refused to pay despite lawful demand.

73.     Helena is entitled to immediate payment in full of the Boersen Farms, Inc. Loan Balance.

WHEREFORE, Helena requests that this Court enter a money judgment in its favor and against Boersen Farms Inc. in the amount of $5,055,683.65 as of October 16, 2017 plus all

additional accrued and continuing to accrue interest, costs and attorney fees and any other recoverable items pursuant to the terms of the Inc. Loan Agreement or at law and such other just and equitable relief as determined by this Court.

## COUNT V

### BREACH OF BOERSEN FARMS AG, LLC LOAN AGREEMENT

74.     Helena restates and incorporates by this reference the allegations set forth in Paragraphs 1 through 73 above.

75.     Defendant Boersen Farms Ag, LLC breached the valid Loan Agreement with Helena by defaulting and refused to pay despite lawful demand.

76.     Helena is entitled to immediate payment in full of the Boersen Farms Ag, LLC Loan Balance.

WHEREFORE, Helena requests that this Court enter a money judgment in its favor and against Boersen Farms Ag, LLC in the amount of $1,068,457.11 as of October 16, 2017 plus all additional accrued and continuing to accrue interest, costs and attorney fees and any other recoverable items pursuant to the terms of the Inc. Loan Agreement or at law and such other just and equitable relief as determined by this Court.

## COUNT VI

### BREACH OF BOERSEN FARMS AG, PARTNERS LLC LOAN AGREEMENT

77.     Helena restates and incorporates by this reference the allegations set forth in Paragraphs 1 through 76 above.

78.     Defendant Boersen Farms Ag, LLC breached the valid Loan Agreement with Helena by defaulting and refused to pay despite lawful demand.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•300 OTTAWA AVENUE N.W., SUITE 700•GRAND RAPIDS, MICHIGAN 49503

79.     Helena is entitled to immediate payment in full of the Boersen Farms Ag Partners, LLC Loan Balance.

WHEREFORE, Helena requests that this Court enter a money judgment in its favor and against Boersen Farms Ag, LLC in the amount of $259,007.54 as of October 16, 2017 plus all additional accrued and continuing to accrue interest, costs and attorney fees and any other recoverable items pursuant to the terms of the Inc. Loan Agreement or at law and such other just and equitable relief as determined by this Court.

## COUNT VII

## BREACH OF GUARANTEES

80.     Helena restates and incorporates by this reference the allegations set forth in Paragraphs 1 through 79 above.

81.     Defendants breached the valid Guarantee Agreements by refusing to pay after the borrowers' defaults on all Boersen Obligations despite lawful demand.

82.     Helena is entitled to immediate payment in full of the Boersen Obligations.

WHEREFORE, Helena requests that this Court enter a money judgment in its favor and against each of the guarantor Defendants for the full amount owed on the Boersen Obligations, together with such other contractual or statutory interest, attorney fees, or costs that may be recoverable, and such other just and equitable relief as determined by this Court.

## COUNT VIII

## ACCOUNT STATED BOERSEN FARMS INC. (MCL § 600.2145)

83.     Helena restates and incorporates by this reference the allegations set forth in Paragraphs 1 through 82 above.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•300 OTTAWA AVENUE N.W., SUITE 700•GRAND RAPIDS, MICHIGAN 49503

84.     Via Demand Letter of October 23, 2017, Helena stated the balances of the Inc. Credit Account Balance and Boersen Farms, Inc. Loan Balance as of October 16, 2017. See Affidavit. See Affidavit.

85.     In addition, via monthly statement, in accordance with historic practices, Helena stated the balance of the Inc. Credit Account Balance as of October 16, 2017. See Affidavit

86.     In addition, via monthly statement, in accordance with historic practices, Helena stated the balance for the Inc. Loan Agreement as of October 31, 2017. See Affidavit

87.     Boersen Farms, Inc. had a history of paying obligations under the Credit Agreement and Loan Agreement in accordance with the monthly statements. See Affidavit

88.     Boersen Farms, Inc. and the other guarantor Defendants have never disputed the Inc. Credit Account Balance or the Inc. Loan Balance amount due.

89.     Boersen Farms, Inc. and the other Defendants have manifested their assent to the balances due, as stated in the Demand Letter.

90.     Boersen Farms, Inc. and the other guarantor Defendants have manifested their assent to the balances due, as stated in the monthly statements and by regularly paying amounts due in accordance with historic invoicing and payment practices.

91.     The Boersen Farms, Inc Credit Account Balance and Loan Balance has become stated.

WHEREFORE, Helena respectfully requests that the Court enter a Judgment in favor of Helena against Boersen Farms, Inc. and the guarantor Defendants as follows:

(a)     On the Boersen Farms, Inc. Credit Account Balance in the amount of $7,022,374.78 as of October 16, 2017 (and without prejudice to obtaining judgment and recovering on the additional accrued and continuing to accrue fees, costs, and interest under other claims alleged herein);

(b)     On the Boersen Farms, Inc. Loan Balance in the amount of $5,055,683.65 as of October 16, 2017 (and without prejudice to obtaining judgment and recovering on the additional accrued and continuing to accrue fees, costs, and interest under other claims alleged herein);

(c)     On the Boersen Farms, Inc. Loan Balance in the amount of $5,066,766.98 as of October 31, 2017 (and without prejudice to obtaining judgment and recovering on the additional accrued and continuing to accrue fees, costs, and interest under other claims alleged herein);

(d)     an award to Helena of all of its costs and expenses incurred in having to bring this action to enforce the Boersen Farms, Inc Credit Account Balance and Loan Balance obligations including Helena's reasonable attorneys' fees and disbursements and court costs;

(e)     any pre- or post-judgment interest to which Plaintiff may be entitled, including pursuant to MCL § 600. 6013(8); and

(f)     such further relief or damages to which Helena may be entitled under applicable law.

## COUNT IX

## ACCOUNT STATED BOERSEN FARMS AG, LLC (MCL § 600.2145)

92.     Helena restates and incorporates by this reference the allegations set forth in Paragraphs 1 through 91 above.

93.     Via Demand Letter of October 23, 2017, Helena stated the balances of the Boersen Farms AG, LLC Credit Account Balance and Boersen Farms, Inc. Loan Balance as of October 16, 2017. See Affidavit.

94.     In addition, via monthly statement, in accordance with historic practices, Helena stated the balances of the Boersen Farms AG, LLC Credit Account Balance as of October 16, 2017. See Affidavit

95.     In addition, via monthly statement, in accordance with historic practices, Helena stated the balance for the Inc. Loan Agreement as of October 31, 2017. See Affidavit

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•300 OTTAWA AVENUE N.W., SUITE 700•GRAND RAPIDS, MICHIGAN 49503

96.     Boersen Farms AG, LLC. had a history of paying obligations under the Credit Agreement and Loan Agreement in accordance with the monthly statement. See Affidavit

97.     Boersen Farms AG, LLC and the other guarantor Defendants have never disputed the Boersen Farms AG, LLC Credit Account Balance or the Boersen Farms AG, LLC Loan Balance amount due.

98.     Boersen Farms AG, LLC and the other guarantor Defendants have manifested their assent to the balances due, as stated in the Demand Letter.

99.     Boersen Farms AG, LLC and the other guarantor Defendants have manifested their assent to the balances due, as stated in the monthly statements and by regularly paying amounts due in accordance with historic invoicing and payment practices.

100.    The Boersen Farms AG, LLC Credit Account Balance and Loan Balance has become stated.

WHEREFORE, Helena respectfully requests that the Court enter a Judgment in favor of Helena against Boersen Farms AG, LLC and the guarantor Defendants as follows:

(a)     On the Boersen Farms AG, LLC Credit Account Balance in the amount of $241,172.91 as of October 16, 2017 (and without prejudice to obtaining judgment and recovering on the additional accrued and continuing to accrue fees, costs, and interest under other claims alleged herein);

(b)     On the Boersen Farms AG, LLC Loan Balance in the amount of  $1,068,457.11 as of October 16, 2017 (and without prejudice to obtaining judgment and recovering on the additional accrued and continuing to accrue fees, costs, and interest under other claims alleged herein);

(c)     On the Boersen Farms AG, LLC Loan Balance in the amount of $1,070,790.44 as of October 31, 2017 (and without prejudice to obtaining judgment and recovering on the additional accrued and continuing to accrue fees, costs, and interest under other claims alleged herein);

(d)     an award to Helena of all of its costs and expenses incurred in having to bring this action to enforce the Boersen Farms AG, LLC Credit Account Balance and Loan Balance obligations including Helena's reasonable attorneys' fees and disbursements and court costs;

(e)     any pre- or post-judgment interest to which Plaintiff may be entitled, including pursuant to MCL § 600. 6013(8); and

(f)     such further relief or damages to which Helena may be entitled under applicable law.

## COUNT X

## ACCOUNT STATED BOERSEN FARMS AG PARTNERS, LLC (MCL § 600.2145)

101.     Helena restates and incorporates by this reference the allegations set forth in Paragraphs 1 through 100 above.

102.     Via Demand Letter of October 23, 2017, Helena stated the balances of the Boersen Farms AG Partners, LLC Loan Balance as of October 16, 2017. See Affidavit.

103.     In addition, via monthly statement, in accordance with historic practices, Helena stated the balance of the Boersen Farms AG Partners, LLC Loan Balance as of October 31, 2017. See Affidavit

104.     Boersen Farms AG Partners LLC. had a history of paying obligations under the Loan Agreement in accordance with the monthly statement. See Affidavit

105.     Boersen Farms AG Partners LLC and the other guarantor Defendants have never disputed the Boersen Farms AG Partners, LLC Loan Balance amount due.

106.     Boersen Farms AG Partners LLC, and the other guarantor Defendants have manifested their assent to the balances due, as stated in the Demand Letter.

107.     Boersen Farms AG Partners LLC and the other guarantor Defendants have manifested their assent to the balances due, as stated in the  monthly statement and by regularly paying amounts due in accordance with historic invoicing and payment practices.

108.     The Boersen Farms AG Partners, Loan Balance has become stated.

WHEREFORE, Helena respectfully requests that the Court enter a Judgment in favor of Helena against Boersen Farms AG Partners LLC and the guarantor Defendants as follows:

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•300 OTTAWA AVENUE N.W., SUITE 700•GRAND RAPIDS, MICHIGAN  49503

(a) On the Boersen Farms AG, Partners LLC Loan Balance in the amount of $259,007.54 as of October 16, 2017 (and without prejudice to obtaining judgment and recovering on the additional accrued and continuing to accrue fees, costs, and interest under other claims alleged herein);

(a) On the Boersen Farms AG, Partners LLC Loan Balance in the amount of $259,870.06 as of October 31, 2017 (and without prejudice to obtaining judgment and recovering on the additional accrued and continuing to accrue fees, costs, and interest under other claims alleged herein);

(b) an award to Helena of all of its costs and expenses incurred in having to bring this action to enforce the Boersen Farms AG Partners, LLC Loan Balance obligations including Helena's reasonable attorneys' fees and disbursements and court costs;

(c) any pre- or post-judgment interest to which Plaintiff may be entitled, including pursuant to MCL § 600. 6013(8); and

(d) such further relief or damages to which Helena may be entitled under applicable law.

## COUNT XI

## VOIDABLE TRANSACTION – UNIFORM VOIDABLE TRANSACTION ACT

109. Helena restates and incorporates by this reference the allegations set forth in Paragraphs 1 through 108 above.

110. Helena made multiple demands for payment upon the Boersen Entities with written formal demand via the Demand Letter of October 23, 2017.  (Ex. B1.)

111. Soon thereafter, in December 2017, the Boersens caused Great Lakes Grain, LLC to be formed.

112. Upon information and belief, the purpose for organizing Great Lakes Grain, LLC was to establish a vehicle by which the Boersens could transfer the valuable portions of the Boersen Operations to Great Lakes Grain, LLC while leaving the debts of the Boersen Entities behind to the detriment of Helena.

113. Defendants' transfers to  Great Lakes Grain, LLC are voidable pursuant to the Michigan Uniform Voidable Transactions Act, MCL 566.31, et seq. (the "Act")

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•300 OTTAWA AVENUE N.W., SUITE 700•GRAND RAPIDS, MICHIGAN 49503

114.     Boersen Farming Operations were transferred to Great Lakes Grain, LLC for no consideration.

115.     Boersen Farming Operation was transferred to Great Lakes Grain, LLC with the intent to hinder, delay and defraud Helena as a large creditor of Defendants.

116.     Sandra Boersen, Arlan Boersen and Dennis Boersen, are insiders of the Boersen Entities, received membership interests and/or interests through income from Great Lakes Grain, LLC as the continued operations of Boersen Operations for no consideration, while the Boersen Corporate Entities were insolvent .

117.     The Boersens are insiders for purposes of the Act.

118.      The transfer of the Boersen Operations to Great Lakes Grain, LLC was a transfer to insiders.

119.     Defendants owed Helena more than $13,000,0000 pursuant to the Boersen Obligations at the time Great Lakes Grain, LLC was formed and the Boersen Operations transferred to Great Lakes Grain, LLC.

120.     The Boersens had actual knowledge of the amounts owed to Helena by the Boersen Entities at the time of the transfers.

121.     The transfer of the valuable portions of the Boersen Operations to Great Lakes Grain, LLC and the Boersens receipt of the ownership and income from same are voidable transfers as established by the Act.

WHEREFORE, Plaintiff requests that this Court:

(a)     enter a money judgment in Helena's favor and against Great Lakes Grain, LLC for the full amount owed on the Boersen Obligations, together with attorney fees and such other contractual or statutory interest, fees, or costs that may be recoverable;

(b)     enter an injunction pursuant to § 7(a)(3)(i) of the Act prohibiting any transfers of Great Lakes Grain, LLC assets and ordering an accounting of all assets and disbursements made by Great Lakes Grain, LLC since its inception;

(c)     pursuant to § 7(a)(3)(iii) of the Act which allows a court to give to the creditor "any other relief the circumstances may require" require the Boersens to immediately disclose to Helena all information regarding all facts and participants regarding the manner in which any property and assets previously utilized by the Boersen Entities was made available for Great Lakes Grain, LLC's ownership or use; and

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•300 OTTAWA AVENUE N.W., SUITE 700•GRAND RAPIDS, MICHIGAN 49503

(d)     grant such other just and equitable relief as determined by this Court.

Date: August 27, 2018                Respectfully submitted,

DYKEMA GOSSETT PLLC

By:  _/s/ Mark J. Magyar_____
     Mark J. Magyar (P75090)
     Sheryl L. Toby (P39114)
     Dykema Gossett PLLC
     Attorneys for Plaintiff
     300 Ottawa Ave. N.W. Suite 700
     Grand Rapids, Michigan  49503
     stoby@dykema.com
     mmagyar@dykema.com
     616-776-7500

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•300 OTTAWA AVENUE N.W., SUITE 700•GRAND RAPIDS, MICHIGAN  49503