UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HELENA AGRI-ENTERPRISES, LLC,
a Delaware limited liability company,

        Plaintiff

vs.

GREAT LAKES GRAIN, LLC; BOERSEN FARMS AG, LLC, a Michigan limited liability company, BOERSEN FARMS, INC. a Michigan corporation, BOERSEN AG PARTNERS, LLC, a Michigan limited liability company, DENNIS BOERSEN, ARLAN BOERSEN, SANDRA BOERSEN,

        Defendants

Case No. 1:18-cv-00963-RJJ-RSK

Honorable Chief Judge Robert J. Jonker

---

| | |
|---|---|
| Sheryl L. Toby (P39114)<br>Mark J. Magyar (P75090)<br>Dykema Gossett PLLC<br>Attorneys for Plaintiff<br>300 Ottawa Ave. N.W. Suite 700<br>Grand Rapids, Michigan 49503<br>stoby@dykema.com<br>mmagyar@dykema.com<br>616-776-7500 | Ronald J. VanderVeen (P33067)<br>Cunningham Dalman, PC<br>Attorneys for Defendants<br>321 Settlers Road<br>Holland, MI 49423<br>rjvv@cunninghamdalman.com<br>616-392-1821 |

## JUDGMENT

The Plaintiff, Helena Agri-Enterprises, LLC ("Helena" or "Plaintiff"), having filed a Motion for Partial Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) and brief in support (RE 19, 20) (the "Motion"), Defendants Boersen Farms AG, LLC, Boersen Farms, Inc., Boersen AG Partners, LLC, Dennis Boersen, Arlan Boersen, and Sandra Boersen (the "Boersen Judgment Defendants") having stipulated to resolve the Motion as to such Boersen

Judgment Defendants and entry of this Order, it is the JUDGMENT AND ORDER of this Court, that:

(1) Plaintiff's Motion is GRANTED as to the Boersen Judgment Defendants.

(2) A non-appealable, final judgment of liability is entered for Plaintiff against Defendant Boersen Farms, Inc. on Counts II and IV of the Complaint for Breach of Credit Agreement and Breach of Loan Agreement in the sum certain of $ $13,177,791.86 (the "Total Boersen Farms Inc. Judgment Amount"). The Total Boersen Farms Inc. Judgment Amount is calculated as follows: (i) Credit Agreement obligation as of January 22, 2019 of $7,646,934.88 (consisting of principal of $6,932,791.48 and contractual pre-judgment interest of $714,143.40); plus (ii) the Loan Agreement obligation as of January 22, 2019 of $5,412,098.58 (consisting of principal of $4,750,000.00 and contractual pre-judgment interest of $662,098.58) for a preliminary balance of $13,059,033.46 prior to attorney fees and costs (the "Boersen Farms Inc. Preliminary Balance"); plus (iii) $118,758.40 in attorneys' fees and costs and equaling together the Total Boersen Farms Inc. Judgment Amount.

(3) A non-appealable, final judgment of liability is entered for Plaintiff against Defendant Boersen Farms AG, LLC on Counts III and V of the Complaint for Breach of Credit Agreement and Breach of Loan Agreement in the sum certain of $ $1,546,939.19 (the "Total Boersen Farms AG, LLC Judgment Amount"). The Total Boersen Farms AG, LLC Judgment Amount is calculated as follows: (i) Credit Agreement obligation as of January 22, 2019 of $284,688.96 (consisting of principal of $193,404.87 and contractual pre-judgment interest of $91,284.09); plus (ii) the Loan Agreement obligation as of January 22, 2019 in the amount of $1,143,491.83 (consisting of principal of $1,000,000 and contractual pre-judgment interest of $143,491.83) for a preliminary balance of $1,428,180.79 prior to attorney fees and costs (the "Boersen Farms AG, LLC. Preliminary Balance"); plus (iii) $118,758.40 in attorneys' fees and costs and equaling together the Total Boersen Farms AG, LLC Judgment Amount.

(4) A non-appealable, final judgment of liability is entered for Plaintiff against Defendant Boersen Farms AG Partners, LLC on Count VI of the Complaint for Breach of Loan Agreement in the sum certain of $ $404,492.98 (the "Total Boersen Farms AG Partners, LLC Judgment Amount"). The Total Boersen Farms AG Partners, LLC Judgment Amount is calculated as follows: (i) Loan Agreement obligation as of January 22, 2019 in the amount of $285,734.58 (consisting of principal of $235,235.89 and contractual pre-judgment interest of $50,498.69) for a balance of $285,734.58 prior to attorney fees and costs (the "Boersen Farms AG Partners, LLC Preliminary Balance"; plus (ii) $118,758.40 in attorneys' fees and costs and equaling together the Total Boersen Farms AG Partners, LLC Judgment Amount.

(5) A non-appealable, final judgment of liability is hereby entered for Plaintiff against Defendant Arlan Boersen on Count VII of the Complaint for Breach of Guarantee in

the sum certain amount of $14,891,707.23 (the "Arlan Boersen Judgment"). The Arlan Boersen Judgment is calculated as follows: (i) the Boersen Farms, Inc. Preliminary Balance of $13,059,033.46; plus (ii) the Boersen Farms AG, LLC Preliminary Balance of $1,428,180.79; plus (iii) the Boersen Farms AG Partners, LLC Preliminary Balance of $285,734.58; plus (iv) $118,758.40 in attorneys' fees and costs and equaling together the Arlan Boersen Judgment".

(6) A non-appealable, final judgment of liability is entered for Plaintiff against Defendant Dennis Boersen on Count VII of the Complaint for Breach of Guarantee in the sum certain amount of $14,891,707.23 (the "Dennis Boersen Judgment"). The Dennis Boersen Judgment is calculated as follows: (i) the Boersen Farms, Inc. Preliminary Balance of $13,059,033.46; plus the (ii) the Boersen Farms AG, LLC Preliminary Balance of $1,428,180.79; plus the (iii) the Boersen Farms AG Partners, LLC Preliminary Balance of $285,734.58; plus (iv) $118,758.40 in attorneys' fees and costs and equaling together the Dennis Boersen Judgment.

(7) A non-appealable, final judgment of liability is hereby entered for Plaintiff against Defendant Sandra Boersen on Count VII of the Complaint for Breach of Guarantee in the sum certain amount of $14,891,707.23 (the "Sandra Boersen Judgment"). The Sandra Boersen Judgment is calculated as follows: (i) the Boersen Farms, Inc. Preliminary Balance of $13,059,033.46; plus (ii) the Boersen Farms AG, LLC Preliminary Balance of $1,428,180.79; plus (iii) the Boersen Farms AG Partners, LLC Balance of $285,734.58; plus (iv) $118,758.40 in attorneys' fees and costs and equaling together the Sandra Boersen Judgment.

(8) A non-appealable, final judgment of liability is entered for Plaintiff against Defendant Boersen Farms, Inc. on Count VII of the Complaint for Breach of Guarantee in the sum certain of $1,832,673.77 (the Boersen Farms, Inc. Guarantee Judgment"). The Boersen Farms, Inc. Guarantee Judgment is calculated as follows: (i) the Boersen Farms AG, LLC Preliminary Balance of $1,428,180.79; plus (ii) the Boersen Farms AG Partners, LLC Preliminary Balance of $285,734.58; plus (iii) $118,758.40 in attorneys' fees and costs and equaling together the Boersen Farms Inc. Guarantee Judgment.

(9) A non-appealable, final judgment of liability is entered for Plaintiff against Defendant Boersen Farms AG, LLC on Count VII of the Complaint for Breach of Guarantee in the sum certain of $13,463,526.44 (the Boersen Farms AG, LLC Guarantee Judgment"). The Boersen Farms AG, LLC Guarantee Judgment is calculated as follows: (i) the Boersen Farms, Inc. Preliminary Balance of $13,059,033.46; plus (ii) the Boersen Farms AG Partners, LLC Preliminary Balance of $285,734.58; plus (iii) $118,758.40 in attorneys' fees and costs and equaling together the Boersen Farms AG, LLC Guarantee Judgment.

(10) Although Plaintiff is entitled to judgment on each of the counts as set forth above, Plaintiff is only entitled to one collection and recovery of such judgment amount (i.e., there is no right to more than one recovery on the amount represented by the

judgment). Hence, for example only, if Plaintiff recovers $118,758.40 from any Defendant for the incurred attorney fees and costs included in any of the judgments, Plaintiff could not recover the attorney fees and costs amount of $118,758.40 from any other Defendant. As a further example, (a) recovery of amounts on the principal judgments in paragraphs 3, 4 and 5 shall be credited against the corresponding guaranty judgments in paragraphs 6-11 and (b) recovery of amounts on the guaranty judgments in paragraphs 6-11 shall be credited against the corresponding principal judgments in paragraphs 3-5. This provision merely clarifies that Plaintiff is not entitled to multiple recoveries on any claim. This provision does not, in any way, relate or impact any joint and several liability which remains in full force and effect. Similarly, this provision does not relate or impact any indemnification or contribution rights Defendants may claim amongst each other, which is unaffected and unaddressed by this judgment.

(11) It is ordered that, as stipulated by the parties, this is a final judgment as to the claims in Counts II through X of the Complaint, and it is a final judgment as set forth above against the Boersen Judgment Defendants (all Defendants other than Great Lakes Grain, LLC). This Judgment is therefore immediately executable by Plaintiff against the Boersen Judgment Defendants only. To be clear, the parties expressly waive any appellate rights with respect to the judgment on all claims addressed herein (all claims asserted against the Boersen Defendants, which does not include the claims asserted against Defendant Great Lakes Grain, LLC). In addition to waiving appeal, the Boersen Defendants also agree that the judgment on all claims against them addressed herein are final and immediately executable, meaning that Plaintiff is entitled to enforce the judgment on all such claims and seek such post-judgment discovery to discovery the Boersen Defendants' assets and secure satisfaction of this judgment as permissible under the law. The parties therefore stipulate and agree to eliminate the normal time for stay of execution of this Judgment against the Boersen Defendants under Federal Rule Rule of Civil Procedure 62(a). The purpose of this provision is for finality of the judgment against the Boersen Defendants and waiver of appellate rights, not for purposes of Federal Rule of Civil Procedure 54(b) vis-à-vis any appellate rights. In any event, there is no just reason for delay of entry of final judgment against the Boersen Defendants because all claims asserted against them are finally adjudicated by this Judgment, and the only remaining claims against a different defendant, Great Lakes Grain, LLC, are based upon different theories.

(12) This stipulated judgment does not relate to nor does it intend to address in any way any claims Plaintiff may have against any Defendant not a party to this action, nor does this stipulated judgment relate in any way to Plaintiff's claims against Defendant Great Lakes Grain, LLC in Counts I and XI, which are not affected by this Judgment and remain pending.

Dated: February 23, 2019        /s/ Robert J. Jonker
                                Hon. Chief Judge Robert J. Jonker
                                U.S. District Court Judge

Approved for entry:

/s/ Mark J. Magyar

Sheryl L. Toby (P39114)
Mark J. Magyar (P75090)
Dykema Gossett PLLC
Attorneys for Plaintiff
300 Ottawa Ave. N.W. Suite 700
Grand Rapids, Michigan 49503
stoby@dykema.com
mmagyar@dykema.com
616-776-7500

/s/ Ronald J. VanderVeen

Ronald J. VanderVeen (P33067)
Cunningham Dalman, PC
Attorneys for Defendants
321 Settlers Road
Holland, MI 49423
rjvv@cunninghamdalman.com
616-392-1821