**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| HELENA AGRI-ENTERPRISES, LLC, | CASE NO. 1:18-CV-00963-RJJ-RSK |
| Plaintiff, | Honorable Chief Judge Robert J. Jonker |
| v. | |
| GREAT LAKES GRAIN, LLC *et al.* | **BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE THIRD AMENDED CASE MANAGEMENT ORDER (DOC. 109)** |
| Defendants. | |

Sheryl L. Toby (P39114)
Mark J. Magyar (P75090)
Dykema Gossett PLLC
Attorneys for Plaintiff
300 Ottawa Ave. N.W. Suite 700
Grand Rapids, Michigan 49503
stoby@dykema.com
mmagyar@dykema.com
(616) 776-7500

Robert L. Soza, Jr. (admitted pro hac vice)
Texas State Bar No. 18869300
Jackson Walker LLP
Attorneys for Plaintiff
112 E. Pecan, Suite 2400
San Antonio, Texas  78205
rsoza@jw.com
(210) 978-7700

Ronald J. VanderVeen (P33067)
Cunningham Dalman, PC
Attorneys for Defendants
321 Settlers Road
Holland, MI 49423
rjvv@cunninghamdalman.com
616-392-1821

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE THIRD**
**AMENDED CASE MANAGEMENT ORDER (DOC. 109)**

Plaintiff Helena Agri-Enterprises, LLC ("Helena" or "Plaintiff") moves the Court to extend certain deadlines in the Third Amended Case Management Order based on the discovery of new evidence supporting Plaintiff's voidable transaction claims against the Defendants and the time needed to obtain and review additional information and documents in the hands of a third-party

insurance company.  Plaintiff has already requested these documents by subpoena.  Importantly, Plaintiff does not seek an extension of the scheduled trial date or conferences.

# I.
# INTRODUCTION

Since August 29, 2019, when the Third Amended Case Management Order was entered, Plaintiff has taken much of the action described in its Brief in Support of the Motion to Amend the Second Amended Case Management Order (Doc. 98) ("Plaintiff's Prior Brief"), including obtaining crop insurance information from the USDA's Risk Management Agency ("RMA") and Farm Services Agency ("FSA") relevant to the Boersens.  This action was taken in furtherance of developing Plaintiff's voidable transaction claims.

Plaintiffs seek to discover whether the newly formed Boersen entities conspired to "hinder, delay, or defraud" Helena's (and other judgment creditors) ability to execute and collect upon its judgment against the judgment Defendants Boersen Farms, Inc., Boersen Farms AG, LLC, Boersen AG Partners, LLC, and Dennis, Arlan, and Sandra Boersen (the "Judgment Defendants").  *See* MCLS 566.34(1)(a).  Based on information and belief, the Judgment Defendants have transferred their assets, equipment, and/or real estate interests to Defendants Stacy or Nick Boersen or the Great Lakes Grain and New Heights Farm Defendants (the "Successor Defendants") to continue the Boersen family farming operation.  Through its review of the RMA and FSA documents relevant to the Boersens that were recently obtained, Plaintiff has uncovered documents and information that support Plaintiff's voidable transaction claims against the Judgment Defendants and Successor Defendants.

Specifically, Plaintiff has learned that Defendant Great Lakes Grain, LLC (formed 12/5/17) and Defendant New Heights Farm II, LLC (formed 3/27/19) collaborated with Boersen Farms Ag, LLC (formed 2/12/13) to obtain crop insurance and sell crops.  This is relevant because as admitted

by Defendants in their Brief Opposing Plaintiff's Motion To File Second Amended Complaint, Defendant Stacy Boersen "found a lender in the spring of 2019 who would lend operating funds to a company <u>if</u> she was the sole owner and manager <u>and had *sufficient* crop insurance</u>. Nick was able to participate in a similar loan and a <u>crop insurance program</u> as a young farmer." (Doc. 79, p. 3.).  Just as it is believed that the Successor Defendants have utilized the Judgment Defendants' assets, equipment, and/or real estate interests for a leg up in Successor Defendants' farming operations, the RMA and FSA documents support that the Successor Defendants may have collaborated with the Judgment Defendants' to obtain crop insurance to meet the conditions of the Successor Defendants' lender(s).  *See* (Doc. 79, p. 3.).

As detailed in Plaintiff's Prior Brief, "the ability to get sufficient crop insurance will be an important area of discovery for Plaintiff in this case." (Doc. 98, p. 6).  The RMA documents show only part of the information and representations that the Boersens provided in the crop insurance application process.  While Plaintiff now has all of the documents from the government, Plaintiff has learned that Great American Insurance Group was the insurer involved in the Successor Defendant's crop insurance applications and possesses additional documents and information relevant to the Successor Defendants.  Accordingly, to obtain the remaining crop insurance information, Plaintiff issued subpoenas to Great American Insurance Company on November 11, 2019.

Plaintiff expects that it will take time to obtain the requested documents from Great American Insurance Company, and once it does, that the production will be voluminous and require additional time for Plaintiff to review—this process may be further delayed if Great American Insurance Company takes the position that it needs additional authorizations from the Successor Defendants.  Additionally, following receipt and review of the subpoenaed documents,

Plaintiff expects to take the depositions of one or more of the Defendants as well as one or more third-party entities who have conducted business with the Defendants. This will also take time. Thus, Plaintiff brings this motion because a new schedule is warranted, but Plaintiff could not obtain Defendants' stipulation. Plaintiff proposes the following schedule:

| Action Item | Current Date/Limitation | Proposed Date/Limitation |
| --- | --- | --- |
| Disclose Name, Address, Area of Expertise and a short summary of expected testimony of Expert Witnesses (Rule 26(a)(2)(A))<br><br>-Party with the Burden of Proof:<br><br>-Responding Party: | <br><br><br><br><br><br>March 31, 2019<br><br><br>April 30, 2019 | <br><br><br><br><br><br>February 7, 2020<br><br><br>March 9, 2020 |
| Completion of Discovery | January 15, 2020 | April 14, 2020 |
| Dispositive Motions | March 8, 2020 | May 14, 2020 |
| Depositions will be limited to: (Fact Witnesses Per Party) | 10 per party | 20 per party |
| ADR To Take Place on or Before | January 15, 2020 | April 14, 2020 |

Notably, the proposed schedule above includes an extension to the date for designating expert witnesses. In Plaintiff's Prior Brief, Plaintiff requested an extension to the deadline for designating expert witnesses; however, the Court's Third Amended Case Management Order did not alter the deadlines regarding experts from the prior case management order. Plaintiff requests that the Court extend the deadline for designating expert witnesses because the topic of crop insurance and the application process for obtaining it is an area of specialized knowledge and expert testimony will help the trier of fact to understand the evidence or to determine a fact in issue. FED. R. CIV. P. 702(a).

## II.
## WORK COMPLETED SINCE LAST MOTION

In the last six months, Plaintiff has taken the following action:

- [6/29/19]: Plaintiff's Second Amended Complaint filed;

- [7/9/2019]: Reviewed documents obtained by subpoena from Farmers Bank & Trust and Ceres Farms, LLC that are relevant to the Boersens;
    - Approximately 4,860 pages of documents

- [8/1/2019]: Plaintiff's Motion to Amend Second Case Management Order filed;

- [8/29/19]: Third Amended Case Management Order entered;

- [9/13/2019][1]: Obtained executed authorizations from the Judgment Defendants and Successor Defendants to permit Helena to obtain documents from the RMA and FSA;

- [9/13/2019]: Submitted a request to the Michigan state office for the FSA/RMA for 578 forms relevant to the Judgment Defendants and Successor Defendants with the executed authorizations;

- [9/20/2019]: Received and began review of the requested documents from the FSA
    - Approximately 1,406 pages of documents

- [10/24/2019]: Received and began review of the requested documents from the RMA; and
    - Approximately 1,528 pages of documents

- [11/11/19]: Issued subpoenas to Great American Insurance Group for crop insurance application documents that are relevant to the Boersens; and

- [11/22/19]: First contact by counsel for Great American Insurance regarding subpoenas

- [12/13/19]: Issued written discovery requests to the Successor Defendants related to crop insurance

As shown above, Plaintiff has been diligent during the period since the entry of the Third Amended Case Management Order. Additionally, the sequence of events and time between them mirrors

---

[1] Rather than signing them in "a couple of days," it took Defendants two weeks following the August 28, 2019 hearing on Plaintiff's Prior Brief for Plaintiff to obtain a copies of the authorizations. **Exhibit A**, Transcript from August 28, 2019 Hearing on Plaintiff's Motion to Amend the Second Case Management Order ("Transcript from Prior Case Management Hearing") at 20:21–25 ("THE COURT: All right, when might your clients have these authorizations signed, Mr. Vander Veen? MR. VANDER VEEN: We should be able to have them signed in a couple of days.")

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND**
**THE THIRD AMENDED CASE MANAGEMENT ORDER** **Page 5**
24509734v.4

the prediction of time provided by Plaintiff's counsel at the hearing on Plaintiff's Prior Brief. **Exhibit A**, Transcript from Prior Case Management Hearing at 19:1–6 ("it's my experience that it takes four to six weeks to get them from the two federal agencies, the Farm Service Agency and the Risk Management Agency. The documents that we're asking for are quite extensive and will require at least a month to review . . . .").

### III.
### NEW INFORMATION UNCOVERED THROUGH CONTINUED DISCOVERY

Based on a review of the 578 forms[2] from the FSA office, it appears that Boersen Farms Ag, LLC (formed 2/12/13), Great Lakes Grain, LLC (formed 12/5/17), and New Heights Farm II, LLC (formed 3/27/19) utilized information from each other's entities to obtain crop insurance or sell crops.  This apparent tactic by the Successor Defendants supports Plaintiff's belief that the Judgment Defendants and Successor Defendants have taken action in violation of the voidable transaction act.  Obtaining the Great American Insurance documents will be critical in better understanding the extent of collaboration between the Judgment Defendants and Successor Defendants.

### IV.
### WORK TO BE COMPLETED

Following issuance of Plaintiff's November 11, 2019 subpoenas to Great American Insurance Group, Great American's counsel contacted Plaintiff's counsel on November 25, 2019 with a request that the subpoenas be more specific regarding the documents and information sought.  Plaintiff's counsel is working with Great American's counsel to clarify the documents and

---

[2] Form FSA-578 ("Report of Acreage") is used by the FSA to determine an applicant's (operator) eligibility for the Crop Disaster Program (crop insurance).  In the form, the operator provides information such as an identifying "Farm Number," total farmland, total cropland, the applicable program year, the operator's name and address, other farms for which the operator has an interest, as well as information regarding the crop.

information sought by Plaintiff and to establish a timeline for the production of the documents and information.  It seems unlikely that production will occur any earlier than mid-to-late December.

Then, upon receipt of the crop insurance documents from Great American Insurance Group, Plaintiff will review them against the documents obtained from the FSA and RMA to learn more about the representations the Successor Defendants have made to obtain crop insurance or sell their crops.

Defendants' responses to Plaintiff's written discovery requests are due mid-January 2020. Plaintiff will need time to analyze the documents and information included in Defendants' production and evaluate whether further discovery will be needed to better understand the documents and information received.

Once equipped with this information, Plaintiff will need to depose one or more of the Judgment Defendants or Successor Defendants to further analyze the strategy utilized by the Boersens to keep their farming operation alive and in the family.  Plaintiff will also need to depose one or more third-parties who have conducted business with the Successor Defendants for the same reason.

This process will take more time than what is left on the time clock for discovery.  As shown above, Plaintiff has been diligent in the discovery period, but still needs more time to develop and uncover evidence supporting its claims against the Successor Defendants.  Addressing Defendants' anticipated response claiming delay or prejudice—this Motion will not cause undue burden upon the Defendants, Plaintiff's Motion does not seek an extension of the trial date or scheduled conferences.  The extension sought by this motion merely fills in the existing blank space between the current discovery deadline and the time of trial.

## PRAYER

WHEREFORE, for the reasons stated in the accompanying Brief, Helena requests that this Court: (1) grant this Motion; (2) amend the Third Amended Case Management Order as requested by Plaintiff; and (3) grant such further relief as the Court deems just.

Dated:  December 13, 2019

Respectfully submitted,

**DYKEMA GOSSETT PLLC**
By: */s/ Mark J. Maygar*
Sheryl L. Toby (P39411)
Mark J. Maygar (P75090)
300 Ottawa Ave. N.W., Suite 700
Grand Rapids, MI 49503
stoby@dykema.com
mmagyar@dykema.com

**JACKSON WALKER LLP**
By: */s/ Robert L. Soza, Jr.*
Robert L. Soza, Jr. (admitted *pro hac vice*)
Texas State Bar No. 18869300
112 E. Pecan, Suite 2400
San Antonio, Texas  78205
rsoza@jw.com

**ATTORNEYS FOR PLAINTIFF**