UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HELENA AGRI-ENTERPRISES, LLC, a Delaware limited liability company, | Case No. 1:18-cv-00963-RJJ-RSK |
| Plaintiff/Counter-Defendant | |
| vs. | Honorable Robert J. Jonker |
| GREAT LAKES GRAIN, LLC, a Michigan limited liability company; GREAT LAKES GRAIN II, LLC, a Michigan limited liability company; GREAT LAKES GRAIN III, LLC, a Michigan limited liability company; GREAT LAKES GRAIN IV, LLC, a Michigan limited liability company; NEW HEIGHTS FARM I, LLC, a Michigan limited liability company; and NEW HEIGHTS FARM II, LLC, a Michigan limited liability company | **DEFENDANTS' BRIEF OPPOSING PLAINTIFF'S MOTION TO COMPEL BOERSEN TO EXECUTE AUTHORIZATIONS** |
| Defendants, and | |
| NICHOLAS BOERSEN, individually and as putative member of New Heights Farm II, LLC and STACY BOERSEN, individually and as putative member of the Great Lakes Grain defendants and New Heights Farm I, LLC, | |
| Defendants/Counter-Plaintiffs. | |

| | |
|---|---|
| Sheryl L. Toby (P39114) | Ronald J. VanderVeen (P33067) |
| Mark J. Magyar (P75090) | Cunningham Dalman, PC |
| Dykema Gossett PLLC | Attorneys for Defendants |
| Attorneys for Plaintiff | 321 Settlers Road |
| 300 Ottawa Ave. N.W. Suite 700 | Holland, MI 49423 |
| Grand Rapids, Michigan 49503 | rjvv@cunninghamdalman.com |
| stoby@dykema.com | 616-392-1821 |
| mmagyar@dykema.com | |
| 616-776-7500 | |

Plaintiff continues to try and embarrass Defendants Stacy Boersen, Nicholas Boersen, New Heights Farm I, LLC, and New Heights Farm II, LLC (collectively "these Defendants") by trying to force their crop insurance company to produce a multitude of irrelevant and unnecessary records. They are trying to do so at the same time that NHF-I and NHF-II is applying for crop insurance for 2020.

Plaintiff's argument goes like this:

1. Discovery is broad;
2. NHF-I and NHF-II might have used the APH from prior Boersen companies.
3. Plaintiff wants to find out.

The problems with Plaintiff's arguments are:

1. **Discovery is closed**. The deadline for discovery was initially set at March 31, 2019. At Plaintiff's request, it was extended to October 2019. In August Plaintiff made another request to extend discovery. This time it was extended to January 15, 2020. At the August 28 hearing on plaintiff's request, the magistrate told Plaintiff to get moving, to "mush, mush, mush." We are now two months past this third deadline. We also now have pending a motion for summary judgment.

2. **The information is not relevant.** Plaintiff wants to investigate the use of APH ratings by NHF-I and NHF-II. While Plaintiff claims that the use of those ratings "might" be inappropriate, they can point to nothing to tie their argument to the present case. The present case is a collection matter for a debt that is now 3 to 4 years old, incurred long before use of the APH ratings.

   Further, as pointed out in these Defendants' Brief opposing Plaintiff's prior motion to extend discovery (filed as Docket #150) and Defendants' Brief and Reply Brief for

summary judgment (filed as Docket #140 and #155), the APH is not an asset and it is not a transfer by the Boersen legacy companies. Plaintiff has cited no authority to indicate that the APH ratings assigned by the Federal Crop Insurance Corporation based on its regulations, ratings that cannot be sold by a producer, is an asset. In fact, NHF-I was assigned the APH for Boersen Farms Grain, who is not indebted to Plaintiff on account, guarantee or otherwise.  Thus, the APH is not relevant to Plaintiff's claim for its avoidable transfer, successor liability, or company piercing claims

3. **The requested discovery is not proportional to the needs of this case and is already available.** F R Civ. P 26 (b)(1) limits discovery stating, in pertinent part, that discovery is limited to matters that:

> "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues … and the parties' relative access to relevant information …"

Here, the information that Plaintiff seeks is not necessary nor proportional to the needs of this case. Further, the information is already known. Plaintiff already knows from other sources that NHF-I was assigned the APH of Boersen Farms Grain. Plaintiff already knows from other sources that NHF-II was assigned the APH rating of Boersen Farms AG, LLC under the government's beginning farmer program. Thus, the information is already known. Yet, with this knowledge, Plaintiff is not able to point to any authority that the assignment of these APH ratings to these Defendants was inappropriate. They just speculate that it might be.

Based on the above and the arguments in these Defendants' Brief Opposing Plaintiff's fourth Motion to For Discovery (filed as Docket #150) and these Defendants' Brief and reply

brief for summary judgment (filed as Docket #140 and #155), these Defendants request that this

Court deny Plaintiff's Motion to Compel Boersen to Execute Authorizations.

| | |
|---|---|
| Dated: March 17, 2020 | /s/ Ronald J. VanderVeen<br>Ronald J. VanderVeen (P33067)<br>Cunningham Dalman, PC<br>Attorneys for Defendants |